**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**CALEB REEDER AND EMILY REEDER** **PLAINTIFFS**

**v.** **CIVIL ACTION NO.: 1:26-cv-00161-RPC-RP**

**STATE FARM FIRE & CASUALTY COMPANY** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6) or Alternatively Motion to Substitute Correct Entity [3].[1] The Court finds that the Motion to Dismiss is **DENIED without prejudice**, and that the alternative Motion to Substitute is **GRANTED** as set out below.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On March 24, 2023, an EF-4 tornado struck the home of Plaintiffs Caleb and Emily Reeder (the "Reeders"), causing severe damage. The Reeders held a homeowner's policy, bearing policy number 24-47HO-45Z, providing coverage for catastrophic loss. They allege that, after they reported the loss and damage to their home, the insurer admitted coverage but refused to provide the full policy limits.

On March 24, 2026, the Reeders sued "*State Farm Insurance Company*" ("SFIC") in the Monroe County Circuit Court, alleging that SFIC was "negligent, careless, and failed to perform their duty to fully investigate the validity and appropriateness" of their claim. A summons issued the same day to the "Registered Agent for State Farm Ins. Co. – Corporation Service Company,

[1] Preliminarily, it is worthy to note that the motion is filed on behalf of "State Farm Insurance Company" (hereinafter "SFIC"), although no company named "State Farm Insurance Company" exists [3].

109 Executive Drive, Suite 3, Madison, Mississippi 39110." [5-4]. Service was completed on July 20, 2026, two days before the 120-days service deadline expired.

On August 18, 2026, SFIC removed the action to this Court. However, its notice of removal asserted that it was "not a corporation or legal entity," and that the proper "State Farm companies" were not appearing before the Court. [1]. SFIC stated that party information was being provided for diversity purposes only.[2]

SFIC now moves to dismiss the Reeders' claim, arguing that the Reeders failed to properly name and serve State Farm Fire within the statute of limitations, and any attempt to amend would cause prejudice. Alternatively, SFIC requests that the Court substitute State Farm Fire as the proper defendant. In response, the Reeders argue that dismissal is not warranted because the limitations period has not run on their claim and because State Farm Fire had direct knowledge of the claim therefore undercutting its claim of prejudice. [10].

## STANDARD OF REVIEW

"Rule 12(b)(5) permits a defendant to seek dismissal of a matter for insufficient process." ***Trent v. Lakeview Loan Servicing, LLC***, 1:25-CV-00139-GHD-DAS, 2026 WL 1389850, *2 (N.D. Miss. May 18, 2026). "The rule permits a challenge to the method of service attempted by a plaintiff or to the lack of service." ***Id***. "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." ***Id***. "When service of process is challenged in a Rule 12(b)(5) motion, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." ***Id***. (internal citations omitted).

[2] On October 15, 2026, the Court ordered SFIC to show cause [11] as to why removal by a purported non-existent entity was proper or, alternatively, to supply citizenship information for the named party. SFIC responded on October 21, 2026, by filing an Amended Notice of Removal [12] asserting that State Farm Fire is the correct and proper party.

"When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor." ***Olowo-Ake v. Emergency Med. Servs. Corp.***, 3:12-CV-227-CWR-FKB, 2012 WL 5499413, *2 (S.D. Miss. Nov. 13, 2012). "[P]laintiff's claims must also be plausible on their face, which means there is factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id***. (internal citations omitted).

**<u>ANALYSIS</u>**

SFIC contends that dismissal is required under Rule 12(b)(5) because the Reeders failed to name and serve the proper entity within the limitations period. The Court disagrees. The Complaint and summons misnamed the defendant as *State Farm Insurance Company* [2] but were directed to the registered agent for *State Farm Fire & Casualty Company*, the proper State Farm entity. Service was completed on July 20, 2026, within the 120-day period under Mississippi law. Thus, SFIC's objection goes to the named defendant, not to the manner or timeliness of service.[3]

"The Fifth Circuit has distinguished between the misnomer of an entity's name and the misidentification of an entity." ***Jones v. Combe, Inc.***, 1:22CV300-HSO-BWR, 2023 WL 11158276, at *3 (S.D. Miss. Jan. 31, 2023) (citing ***Valencia v. Allstate Texas Lloyd's***, 976 F.3d 593, 597 (5th Cir. 2020)). "A misnomer exists when a plaintiff sues the correct entity under a mistaken name; a misidentification arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." ***Id***. "When the correct party sues or is sued under the incorrect name, the court acquires jurisdiction after

[3] "State Farm Insurance Company" was served with process through Corporation Service Company, the registered agent for service of process for State Farm Fire & Casualty Company. State Farm Fire & Casualty Company has been and is the correct and proper party, however it was not named nor was it served by name separately with process. [12 at fn. 1].

service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error." ***Dalton v. State Farm Lloyd's, Inc.***, 4 F. Supp. 3d 859, 865 (S.D. Tex. 2014). While ***Dalton*** involved the application of Texas law, the same rule is applicable in Mississippi. *See* ***Rich By & Through Brown v. Nevels***, 578 So. 2d 609, 612 (Miss. 1991).

The Court finds that this case involves a misnomer and not a misidentification. Thus, SFIC's argument that the statute of limitations has run and service on the proper party is no longer permitted is without merit. SFIC argues its own non-existence, representing that no entity named "*State Farm Insurance Company*" exists and contends that State Farm Fire is the correct entity. *See* [12]. The Reeders' suit concerns their homeowner's policy and State Farm Fire has been and is the correct and proper party. "[A] misnomer is not fatal [to the service of process] so long as the incorrectly-identified party knew what was meant." ***Id.*** Additionally,

> Rule 15(c), which provides for relation back of claims delineated after the expiration of a limitations period, establishes that the substitution of a new defendant will relate back to the timely stated claims if
>
> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment
> (i) received such notice of the action that it will not be prejudiced in defending the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

***Knott v. Donahoe***, 3:11-CV-00256-CWR, 2011 WL 6399920, *4 (S.D. Miss. Dec. 20, 2011) (quoting Fed. R. Civ. P. 15(c)(1)(C)).

Each requirement is met in this case. State Farm Fire knew or should have known that, but for the Reeders' error in the entity's name, the suit would have been brought against it. SFIC concedes that State Farm Fire is the entity that issued the policy and the proper party to this action. The summons was delivered to State Farm Fire's registered agent within the service period and

State Farm Fire had notice of the suit in time to defend. Because "[i]t is notice and not service that Rule 15(c) requires," any defect in the identification of the defendant on the summons does not defeat relation back. ***Id***. The suit was filed and served within the period set by the rules, and State Farm Fire has appeared through counsel. [12]. Dismissal under Rule 12(b)(5) or Rule 12(b)(6) is therefore unwarranted.[4] Instead, substitution of the proper party is the appropriate relief under these circumstances.[5]

**IT IS THEREFORE ORDERED THAT:** The Motion to Dismiss [3] under Rules 12(b)(5) and 12(b)(6) is **DENIED** ***without prejudice*** and the alternative Motion to Substitute is **GRANTED.** State Farm Fire & Casualty Company is hereby substituted in place of "State Farm Insurance Company" as the proper party, and the style of the case shall be amended accordingly.

This the 6th day of November, 2026.

**UNITED STATES DISTRICT JUDGE**

[4] The Court notes that in their Response in Opposition of the Motion to Dismiss [9], the Reeders request leave to amend their Complaint to identify State Farm Fire & Casualty Company as the proper defendant and seek additional time to effect service on the corrected entity. The Court finds, however, that the manner in which the Reeders' request amendment is in violation of L. U. Civ. R. 7(b) and Rule 15. The request is also moot given the Court's ruling on the present motion.

[5] "An amendment correcting a misnomer is permissible at any time or any stage in the proceedings." ***Rich***, 578 So. 2d at 612.